IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2009 MAR 30 A 10:06

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| VS. | CIVIL ACTION NO.: 2:09CV260 - WKW |
| KUMI MANUFACTURING ALABAMA, LLC, | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMAND** |

### NATURE OF THE ACTION

This is an action brought under §§703(a) and 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-2(a) and 3(a), et seq., and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Shawn Coleman who was adversely affected by such practices. As alleged with greater particularity below, the Commission alleges that Kumi Manufacturing Alabama, LLC ("Defendant" or "Kumi Manufacturing") discriminated against Shawn Coleman, an African-American, by retaliating against him after he opposed racially discriminatory employment practices that he believed violated Title VII.

### JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Alabama.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Kumi Manufacturing has continuously been an Alabama Limited Liability Company doing business in the State of Alabama in the City of Clanton, and the County of Chilton, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Shawn Coleman filed a charge with the Commission alleging violations of Title VII by Kumi Manufacturing. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2007, Defendant has engaged in unlawful employment practices at its Clanton, Chilton County, Alabama locations, in violation of Section 703(a) and Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). The practices include the retaliatory termination of Shawn Coleman's employment in retaliation for his opposition to workplace race discrimination.

8. Shawn Coleman was hired by Kumi Manufacturing in February 2005 and became Assistant Quality Manager at Respondent's Clanton, Alabama plant on or about May 1, 2006.

9. In January, 2007, Shawn Coleman complained to Kumi Manufacturing that it discriminated against Black employees in personnel decisions and treated them less favorably than non-Black employees. Among other things, Coleman accused Kumi Manufacturing of discriminatorily favoring Hispanic applicants over Black applicants for selection into permanent positions.

10. Coleman complained to management of Kumi Manufacturing about disparate terms and conditions that existed for non-supervisory Black employees in the months that followed and on May 9, 2007, Kumi Manufacturing, through some the same management officials who received the complaints, terminated Coleman's employment.

11. Kumi Manufacturing terminated Coleman because he opposed practices made unlawful by Title VII and/or participated in a proceeding under Title VII.

12. The effect of the practices complained of in Paragraphs seven (7) through twelve (12) has been to deprive Shawn Coleman of equal employment opportunities and otherwise adversely affect his status as an employee in retaliation for his opposition to conduct prohibited by Title VII of the 1964 Civil rights Act, as amended.

13. The unlawful employment practices complained of in Paragraphs seven (7) through twelve (12) were intentional.

14. The unlawful employment practices complained of in Paragraphs seven (7) through twelve (12) were done with malice or with reckless indifference to the federally-protected rights of Shawn Coleman.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Kumi Manufacturing, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation and any other employment practice which discriminate on the basis of race or retaliation.

B.  Order Defendant Kumi Manufacturing to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of their race and for those who oppose unlawful employment discrimination, and which eradicate the effects of Kumi Manufacturing's past and present unlawful employment practices.

C.  Order Defendant Kumi Manufacturing to make whole Shawn Coleman, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, rightful place reinstatement of Shawn Coleman or front pay in lieu thereof.

D.  Order Defendant Kumi Manufacturing to make whole Shawn Coleman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph seven (7) through twelve (12) including any relocation expenses, job search expenses, and medical expenses not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E.     Order Defendant Kumi Manufacturing to make whole Shawn Coleman by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in Paragraphs seven (7) through twelve (12) including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant Kumi Manufacturing to pay Shawn Coleman punitive damages for the conduct described in Paragraphs seven (7) through twelve (12), in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES E. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street Northeast
Fourth Floor
Washington, DC  20507
Telephone Number: (202) 663-4900

C. EMANUEL SMITH
Regional Attorney

_____
JULIE LEE

DC Bar No. 433292
Supervisory Trial Attorney

*signature*

MARSHA L. RUCKER
Pa. Bar No. 90041
Senior Trial Attorney


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1130 – 22nd Street South
Suite 2000
Birmingham, AL 35205
Telephone Number: (205) 212-2046
Fax: (205) 212-2041